## Fannie Mills, Appellee, v. Clifford W. Warner, Executor, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Hancock county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1915. Reversed with finding of fact. Opinion filed April 21, 1916.

### Statement of the Case.

Action by Fannie Mills, plaintiff, against Clifford W. Warner, executor of the last will and testament of Jacob Gahm, defendant, for injuries alleged to have resulted from the malpractice by the defendant's testator. From a judgment for plaintiff, defendant appeals.

The plaintiff alleged that the malpractice occurred while the defendant's testator was delivering her of a child, and consisted in puncturing her bladder with his instruments.

The evidence introduced on the part of plaintiff to show what Dr. Gahm did at the time of the birth of the child and what the result was upon the plaintiff was given by Mrs. Sarah Kinkaid, the mother of plaintiff. Her testimony showed that instruments were used; that plaintiff was not given chloroform or other anæsthetics; that after the child had been born the witness in the presence and hearing of plaintiff said to the doctor as he was about to depart: "There is something more you have got to do, you tore her literally all to pieces"; that he said, "she will be all right," to which Mrs. Kinkaid replied "she never will," and that plaintiff then said "I believe I'm flowing to death"; that this conversation related by Mrs. Kinkaid took place in the presence of plaintiff, who, as the witness expressed it, "was right there on the bed,

she heard every bit''; that within a few days after the birth of the child, plaintiff and her mother became convinced that plaintiff's bladder was ruptured, and Mrs. Kinkaid suggested an experiment to determine whether their surmises were correct; that Dr. Gahm, at Mrs. Kinkaid's suggestion, injected water into the bladder, and it leaked out through the ruptured place and was caught in a receptacle held by Mrs. Kinkaid; that plaintiff knew why the experiment was made; that she knew what the test was and what the result of it was.

The only testimony that was claimed showed any attempt on the part of the doctor at fraudulent concealment was in regard to two circumstances. One occurred the third day after the child was born. Mrs. Kinkaid had told the doctor that there was something wrong with plaintiff's bladder, and he without making any examination expressed the opinion that the neck of the bladder was paralyzed and prescribed some medicine for it. There was nothing in this record to show that the doctor then knew or had reason to believe the bladder was ruptured, or that he attempted to hide any fact from plaintiff. The other circumstance was on the train some three months after the child was born, when Mrs. Kinkaid says the doctor offered her ten dollars not to say any more to plaintiff about her bladder being torn. The testimony regarding that incident as related by Mrs. Kinkaid showed that the doctor believed that plaintiff was being made worse by having her condition discussed with her and in her presence by the witness and some women whom the doctor called ''Old handkerchief heads,'' and said if it was not stopped she never would get any better, and that he would not treat her any more if such conversation was not stopped. Mrs. Kinkaid said: ''If you think that I am making her worse by telling her that, I won't say anything more to her about it.''

MACK & MACK and HARTZELL & CAVANAGH, for appellant.

SCOFIELD & CALIFF, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. LIMITATION OF ACTIONS, § 46*—*when action for malpractice must be brought.* An action for malpractice based on the fraudulent concealment of the patient's condition by the physician must be brought within five years after the patient discovered from any source that she had a right of action.

2. LIMITATION OF ACTIONS, § 46*—*when evidence insufficient to show fraudulent concealment of patient's condition.* In an action for malpractice, based on the fraudulent concealment of the patient's condition by the physician, evidence *held* to show that the patient at the time the operation was performed knew as much as did the physician about her condition, resulting from the operation alleged to have constituted malpractice and that the physician had made no attempt at concealment.

---

## Henry Warner et al., Appellants, v. Sylvester Wagner et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1915. Appeal dismissed. Opinion filed April 21, 1916.

### Statement of the Case.

Bill for an injunction by Henry Warner *et al.*, complainants, against Sylvester Wagner *et al.*, defend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.